**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DARIUS BALARK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.** |
| **v.** | ) | |
| | ) | |
| **Sgt. PRICE, Star No. 3383,** | ) | |
| **Investigator HARRIS, Star No. 6040,** | ) | |
| **Sheriff THOMAS DART, and** | ) | |
| **COOK COUNTY, a Municipal** | ) | **JURY DEMAND** |
| **Corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S COMPLAINT AT LAW**

Now Comes Plaintiff, DARIUS BALARK, by and through his attorneys, C. Norris Law Group, LLC., complaining against members of the Cook County Sheriff's Office, Sgt. PRICE, Star No. 3383, Investigator HARRIS, Star No. 6040, Cook County Sheriff THOMAS DART, and COOK COUNTY, a Municipal Corporation:

**Parties**

1. Plaintiff, Darius BALARK, was at all relevant times a United States Citizen and resident of the State of Illinois.
2. Defendant Officers Sgt. PRICE, Star No. 3383, and Investigator HARRIS, Star No. 6040, were at all relevant times duly appointed members of the Cook County Sheriff's Office acting within the scope of their employment and under color of law.
3. Defendant Sheriff THOMAS DART was at all relevant times employee and duly elected Sheriff of Defendant COOK COUNTY acting within the scope of his employment and under color of law, overseeing all personnel employed and acting under his direction.

4. Defendant COOK COUNTY was at all relevant times a statutory municipal corporation and the employer of the Defendants, responsible for all those under its direction.

**Jurisdiction & Venue**

5. The events giving rise to this action occurred at 7314 S. St. Lawrence Avenue, Chicago, Illinois 60619.
6. This action is brought pursuant to the laws of the United States Constitution, specifically the Fourth, Fifth, and Fourteenth Amendments, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois and County of Cook.
7. This action is brought to redress the civil rights deprivations and personal injuries suffered by Plaintiff accomplished by acts and/or omissions of Defendants.
8. Jurisdiction is based on 28 U.S.C. §§ 1331, 1343, and 1367, as this matter involves issues of federal law along with the supplemental jurisdiction of the laws of the State of Illinois.
9. Venue is proper in the Northern Federal District of Illinois pursuant to 28 U.S.C. § 1391(b), as it is the judicial district in which the events or omissions giving rise to the claims occurred.

**Statement of Facts**

10. On July 23, 2023, members of the Cook County Sheriff's Office, including Defendants Sgt. Price and Investigator HARRIS, performed a home compliance check on the residence of Plaintiff Balark.
11. At that time, Plaintiff Balark was participating in the Cook County Sheriff's Office's Community Corrections – Electronic Monitoring (EM) Program (GPS), under Booking ID: 20221027111, related to Case No. 22CR1302401, pending before the Circuit Court of Cook County – Criminal Division.

12. Plaintiff Balark's mother, Lakeisha Smith, and her two (2) adolescent children, Plaintiff's siblings, were also present.

13. Plaintiff's brother, who was not present at the time, also resided at the home.

14. Plaintiff's Aunt owned the residence.

15. She and her family also had access to and used the residence.

16. In an uninsulated back porch used for storage and accessible by other areas of the property, strewn amongst items on the floor, was a mesh camouflage bag containing a firearm and cannabis.

17. This room was not used as a bedroom, and Plaintiff Balark did not have sole access to the room.

18. A short time later, Plaintiff Balark was advised of his *Miranda* rights while handcuffed and seated in the back seat of a Sheriff's Office squad car.

19. Sgt. Price questioned Plaintiff whether he had knowledge of anything illegal in the residence, which Plaintiff denied.

20. At the direction of Sgt. Price, Lakeisha Smith (Plaintiff's mother) was brought to the squad car in which Plaintiff was seated, and within earshot of Plaintiff, Sgt. Price told her that she would be arrested because of Plaintiff's denials.

21. Ms. Smith asked why she was being taken into custody, to which Sgt. Price explained that because Plaintiff denied possession or knowledge of the bag, Ms. Smith would be arrested on account of a firearm being found within her apartment.

22. Sgt. Price then turned to Plaintiff and told him to "stop playing with" Defendant Sgt. Price, and asked Plaintiff what was in the bag.

23. Plaintiff again denied knowledge of the bag's contents, and Sgt. Price instructed Sheriff's Officers to handcuff Plaintiff's mother, Lakeisha Smith.
24. Plaintiff, being made to believe that his mother would be arrested if he did not admit to knowledge of whatever Sgt. Price was inferring, guessed that a firearm was in the bag.
25. When asked to describe the firearm, Plaintiff could not provide details because he did not have knowledge of them.
26. Sgt. Price asked Plaintiff, "Do you think I'm playing?" to which Plaintiff responded, "No, I don't think you're playing. My mother's in cuffs right now."
27. Sgt. Price then said "Your mother is in custody right now. So what kind of gun is it?" To which Plaintiff responded that he was not sure, and Sgt. Price said "I'm not buying that."
28. Sgt. Price continued to interrogate Plaintiff while his mother was standing mere feet away in handcuffs.
29. When Sgt. Price asked how long Plaintiff had the gun, Plaintiff stated that he did not know.
30. Sheriff's Officers then positioned Plaintiff's mother directly in front of the open window of the squad in which he was seated, and Sgt. Price said Plaintiff's mother did not strike him as a liar.
31. Sgt. Price then asked Plaintiff several more times what kind of gun it was, and Plaintiff could not answer.
32. Sgt. Price then turned to Plaintiff's mother and told her he was trying to prevent her from going to jail, "but you see what your son is doing." Plaintiff's mother then expressed that she could not go to jail due to her career and children.

33. Plaintiff, fearing that his mother would be arrested if he did not admit to knowledge of the firearm, falsely admitted to possessing the bag while reiterating that he could not describe the firearm.

34. Plaintiff stated that he did not want his mother to go to jail.

35. Sgt. Price continually pressed Plaintiff for details of the gun and Plaintiff repeatedly stated he could not provide such details.

36. Sgt. Price then asked Plaintiff several more times how long Plaintiff had the gun, and eventually Plaintiff made up a story, falsely stating that he got it the previous day from his cousin.

37. As Sgt. Price walked away from Plaintiff seated and restrained in the squad car, with the window open and Plaintiff in earshot, Ms. Smith asked if she was being taken into custody, which Sgt. Price responded in the affirmative.

38. Plaintiff was placed under arrest and into custody at Cook County Jail, but his mother was released without charging.

39. On August 16, 2023, Investigator Harris testified at a Grand Jury hearing, stating that the bag containing the firearm was discovered in a room only accessible to Plaintiff, which he knew not to be true.

40. The room was a porch accessible to other residents beside Plaintiff, and was not used as a bedroom, but rather a storage room.

41. As a result of the confessions Defendant Sgt. Price coerced from Plaintiff and the statements provided by Defendant Investigator Harris at the Grand Jury, Plaintiff was charged with:

    a. Armed Habitual Criminal in violation of 720 ILCS 5/24-1.7(a), and

b. Two (2) Counts of Felon Possess/Use Firearm/Prior in violation of 720 ILCS 5/24-1.1(a).

42. On May 22, 2024, Plaintiff was found not guilty on all charges after a Motion to Suppress Statements was granted in the case of 23CR0915901, in the Circuit Court of Cook County – Criminal Division, resulting in all criminal proceedings against him being terminated.

43. Plaintiff was incarcerated at Cook County Jail from his arrest on July 23, 2023, to being found not guilty on May 22, 2024.

44. Plaintiff also incurred financial cost in paying for legal representation to defend against the criminal charges.

**Count I**
**Fifth Amendment violation against Defendant Sgt. Price**
**U.S. Constitution; 42 U.S.C. §1983**

45. The Fifth Amendment to the United States Constitution protects an individual from being coerced to testify against himself through threats or undue influence.

46. The Due Process Voluntariness doctrine excludes confessions that were coerced and involuntary.

47. *Miranda v. Arizona* further protects this right against coerced testimony with additional prophylactic requirements of interrogating officers. 384 U.S. 436, 467-73 (1966).

48. Waiver of one's *Miranda* rights must be voluntary, knowing, and intelligent. *Id*. at 444. Waiver is not voluntary when it is a product of intimidation, coercion, or deception. *Id*.

49. Sgt. Price coerced and intimidated Plaintiff into making statements alluding to his knowledge of the firearm to show that he possessed it, by threatening to arrest Plaintiff's mother, Lakeisha Smith, and detaining her in handcuffs in the presence of Plaintiff.

50. This back and forth went on for some time, with Sgt. Price manipulating a pair of handcuffs so as to jangle them around, threatening their use, and subsequently doing so.

51. As a result, Plaintiff made coerced admissions, as Sgt. Price questioned Plaintiff about the firearm in a manner that violated Plaintiff's Fifth Amendment rights.

52. As a direct and proximate cause of Sgt. Price's unlawful interrogation, Plaintiff was arrested.

**Count II**
**False Arrest against Defendants Sgt. Price and Investigator Harris**
**Fourth Amendment – U.S. Constitution; 42 U.S.C. §1983**

53. At the time Defendant Officers engaged with Plaintiff, Plaintiff had not committed, was not committing, and was not going to commit any crime or break any law.

54. Defendant Officers arrested, participated in, and caused the arrest of Plaintiff, without probable cause.

55. Defendant Officers lacked probable cause because they elicited statements from Plaintiff in violation of his Fifth Amendment rights as justification to arrest him.

56. An arrest without probable cause violates the Fourth Amendment.

57. The charges against Plaintiff were false, as probable cause did not exist to support said charges.

58. The actions of Defendant Officers were intentional, willful, and malicious.

59. The actions of this arrest were conducted pursuant to the custom, policies, and practices of Defendant Sheriff Thomas Dart's Office.

60. As a result of the actions of Defendant Officers, Plaintiff suffered violations of his Fourth and Fourteenth Amendment rights, as secured by 42 U.S.C. §1983.

61. As a direct and proximate consequence of said conduct, Plaintiff Balark suffered violations of his Constitutional rights, deprivation of liberty, and personal injuries.

**Count III**
**False Arrest against Defendants Sgt. Price and Investigator Harris**
**Illinois State Law**

62. At the time Defendant Officers engaged with Plaintiff, Plaintiff had not committed, was not committing, and was not going to commit any crime or break any law.

63. Defendant Officers arrested, participated in, and caused the arrest of Plaintiff, without probable cause.

64. Defendant Officers lacked probable cause because they elicited statements from Plaintiff in violation of his Fifth Amendment rights as justification to arrest him.

65. An arrest without probable cause violates the Fourth Amendment.

66. The charges against Plaintiff were false, as probable cause did not exist to support said charges.

67. The actions of Defendant Officers were intentional, willful, and malicious.

68. The actions of this arrest were conducted pursuant to the custom, policies, and practices of Defendant Sheriff Thomas Dart's Office.

69. As a result of the actions of Defendant Officers, Plaintiff suffered violations of his rights under the laws of the Illinois Constitution and Compiled Statutes.

70. As a direct and proximate consequence of said conduct, Plaintiff Balark suffered violations of his Constitutional rights, deprivation of liberty, and personal injuries.

**Count IV**
**Malicious Prosecution against Defendants Sgt. Price and Investigator Harris**
**Fourth Amendment – U.S. Constitution; 42 U.S.C. §1983**

71. Defendant Officers and Defendant Sheriff, through its employees and agents, proceeded with the charges against Plaintiff Balark knowing they were false and without probable cause, as

statements were elicited in violation of Plaintiff's Fifth Amendment rights and false information was provided to the Grand Jury.

72. Sgt. Price elicited statements from Plaintiff in violation of his Fifth Amendment rights as justification to arrest him.
73. Investigator Harris testified at a Grand Jury on August 16, 2023, stating that Plaintiff stayed in and had sole access to the back room where the firearm was recovered, which was false.
74. A true bill of indictment was ordered upon completion of Investigator Harris's testimony.
75. Plaintiff was arrested, retained an attorney, and successfully defended the matter.
76. The charges against Plaintiff were resolved in his favor, as he was found Not Guilty on May 22, 2024.
77. The actions of Defendant Officers and Defendant Sheriff were intentional, willful and malicious.
78. As a result of the actions of Defendant Officers and Defendant Sheriff, Plaintiff suffered violations of his Fourth and Fourteenth Amendment rights, as secured by 42 U.S.C. §1983.
79. As a direct and proximate consequence of said conduct, Plaintiff Balark suffered violations of his Constitutional rights, deprivation of liberty, and personal injuries.

**Count V**
**Malicious Prosecution against Defendants Sgt. Price and Investigator Harris**
**Illinois State Law**

80. The actions of Defendant Officers constitute malicious prosecution under Illinois State Law.
81. Defendant Officers and Defendant Sheriff, through its employees and agents, proceeded with the charges against Plaintiff Balark knowing they were false and without probable cause, as statements were elicited in violation of Plaintiff's Fifth Amendment rights and false information was provided to the Grand Jury.

82. Sgt. Price elicited statements from Plaintiff in violation of his Fifth Amendment rights as justification to arrest him.

83. Investigator Harris testified at a Grand Jury on August 16, 2023, stating that Plaintiff stayed in and had sole access to the back room where the firearm was recovered, which was false.

84. A true bill of indictment was ordered upon completion of Investigator Harris's testimony.

85. Plaintiff was arrested, retained an attorney, and successfully defended the matter.

86. The charges against Plaintiff were resolved in his favor, as he was found Not Guilty on May 22, 2024.

87. The actions of Defendant Officers and Defendant Sheriff were intentional, willful and malicious.

88. As a result of the actions of Defendant Officers and Defendant Sheriff, Plaintiff suffered violations of his rights under the laws of the Illinois Constitution and Compiled Statutes.

89. As a direct and proximate consequence of said conduct, Plaintiff Balark suffered violations of his Constitutional rights, deprivation of liberty, and personal injuries.

**Count VI**
**Unlawful Pretrial Detention (*Manuel*)**
**Fourth Amendment – U.S. Constitution; 42 U.S.C. §1983**

90. Subsequent to Plaintiff Balark's arrest, Defendant Officers caused Plaintiff to be detained at Cook County Jail, and disqualified from the Sheriff's Office EM program, without probable cause from July 23, 2023, through May 22, 2024.

91. Defendant Officers knew the charges they recommended to the State's Attorney's Office for approval were false and without probable cause, as statements were elicited in violation of Plaintiff's Fifth Amendment rights and false information was provided to the Grand Jury.

92. Due to the actions of Defendant Officers, the false criminal charges against Plaintiff were approved.

93. Detention without probable cause violates the Fourth Amendment (as applied to the states by the Fourteenth Amendment). *Manuel v. Joliet*, 137 S. Ct. 911 (2017).

94. As a result of the actions of Defendant Officers, Plaintiff Balark suffered violations of his Fourth and Fourteenth Amendment rights, as secured by 42 U.S.C. §1983.

95. As a direct and proximate consequence of said conduct, Plaintiff Balark suffered violations of his Constitutional rights, deprivation of liberty, and personal injuries.

**Claims for Indemnification and *Respondeat Superior***

**Count VII**
**Indemnification for Federal Claim (Counts I, II, IV, & VI)**

96. Illinois law provides that public entities are directed to pay any tort judgment or settlement for compensatory damages for which their employees are liable within the scope of their employment and under color of law.

97. Defendant Cook County is contractually obligated to pay judgment or settlement for damages for which its employees, Defendants Sheriff Thomas Dart, Sgt. Price, Star No. 3383, and Investigator Harris, Star No. 6040, are liable within the scope of their employment and under color of law.

98. Defendants Sheriff Thomas Dart, Sgt. Price, Star No. 3383, and Investigator Harris, Star No. 6040, were employees of Defendant Cook County, acting within the scope of their employment and under color of law.

**WHEREFORE**, should Defendants Sheriff Thomas Dart, Sgt. Price, Star No. 3383, and Investigator Harris, Star No. 6040, be found liable of the acts or omissions alleged herein,

Defendant Cook County would be liable to pay Plaintiff any judgment or settlement obtained against them.

**Count VIII**
***Respondeat Superior* for State Law Claims (Counts III & V)**
**Illinois State Law 745 ILCS 10/9-102**
**Cook County Code 55 ILCS 5/3-6016**

99. Illinois State Law 745 ILCS 10/9-102 provides that local public entities such as Defendant Cook County are responsible for paying judgment or settlement for which its employees, such as the individual Defendants, may be liable while acting within the scope of their employment and under color of law.

100. Illinois State Law and Cook County Code 55 ILCS 5/3-6016 provide that Defendant Sheriff Thomas Dart is liable for acts, negligence, or omissions of the duties of his office, agents, and deputies under color of law.

101. Defendants Sheriff Thomas Dart, Sgt. Price, Star No. 3383, and Investigator Harris, Star No. 6040, were employees of Defendant Cook County, acting within the scope of their employment and under color of law.

**WHEREFORE**, should Defendants Sheriff Thomas Dart Sgt. Price, Star No. 3383, and Investigator Harris, Star No. 6040, be found liable of the acts or omissions alleged herein, Defendant Cook County would be liable to pay Plaintiff any judgment or settlement obtained against them.

**Prayer for Relief**

102. As a result of the actions of Defendants, Plaintiff Balark suffered violations of his Fourth, Fifth, and Fourteenth Amendment rights, as secured by 42 U.S.C. §1983, and violations of the Constitution of the State of Illinois and Illinois Compiled Statutes.

103. As a direct and proximate consequence of said conduct, Plaintiff Balark suffered violations of his Constitutional rights, deprivation of liberty, and personal injuries.

**WHEREFORE**, Plaintiff Darius Balark respectfully requests that this Honorable Court grant him his prayer for judgment against Defendants in the form of the following relief: reasonable compensatory and punitive damages, plus reasonable attorney's fees and costs, where recoverable.

## JURY DEMAND

Plaintiff Darius Balark hereby requests a trial by jury.

**Respectfully submitted,**

s/ *Vincenzo B. Caporale*
On Behalf of Plaintiff

**Vincenzo B. Caporale, No. 6335651**
**C. Norris Law Group, LLC**
2636 N. Lincoln Ave.
Chicago, IL 60614
p. 312.625.6129
e. vinnie@cnnorrislaw.com
e. cierra@cnnorrislaw.com